Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7675 | **DATE** | 9/24/2004 |
| **CASE TITLE** | USA ex rel DONNY ADAMS vs. MARK PIERSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court grants Respondent's motion to dismiss Adams' habeas corpus petition [doc. no. 18-1]. This case is terminated. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | SEP 27 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | 71 |
| ✓ | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| CG courtroom deputy's initials | | date mailed notice | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ) | | |
| DONNY ADAMS, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | Judge Ronald A. Guzmán | DOCKETED |
| ) | | |
| MARK PIERSON, ) | 03 C 7675 | SEP 27 2004 |
| ) | | |
| Respondent. ) | | |

## MEMORANDUM OPINION AND ORDER

Donny Adams has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before this Court is respondent Mark Pierson's motion to dismiss the petition as untimely. For the reasons provided in this Memorandum Opinion and Order, Pierson's motion is granted.

## FACTS

On October 27, 1992, following a jury trial, Adams was convicted of first-degree murder and sentenced to a forty-year prison term. Adams filed a direct appeal of his conviction, which was affirmed by the Illinois Appellate Court on September 5, 1996.[1] *People v. Adams*, No. 1-93-0694 (Ill. App. Ct. Sept. 5, 1996). On April 8, 1997, Adams filed a motion to file a late petition for leave to appeal to the Illinois Supreme Court, which was granted on June 3, 1997. *People v. Adams*, No. 83370 (Ill. June 3, 1997). On October 1, 1997, the Illinois Supreme Court denied Adams' petition, which consisted of the same claims made in his direct appeal to the Illinois

---

[1] In his appeal, Adams argued that (1) the trial court erred when it refused to allow Marvin Winters to invoke his Fifth Amendment rights and did not hold a hearing to determine whether Winter's statements were voluntarily given before admitting them as substantive evidence; (2) the State failed to present appropriate rebuttal testimony after cross-examining Adams on statements he allegedly made about using his uncle as an alibi; and (3) the "cumulative impact" of the trial errors denied Adams a fair trial.



Appellate Court. *People v. Adams*, No. 83370 (Ill. Oct. 1, 1997).

On October 30, 1997, Adams filed a petition for post-conviction relief in the Circuit Court of Cook County, alleging eight claims of ineffective assistance of counsel and one claim of actual innocence. On December 15, 1997, the Circuit Court denied the petition, and Adams appealed to the Illinois Appellate Court. *People v. Adams*, No. 92CR 01890–1 (Ill. Cir. Ct. Dec. 15, 1997). Adams' counsel filed a brief pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and Adams filed a response stating that he was not culpably negligent in failing to file his post-conviction petition within the statutory period. On May 3, 1999, the Illinois Appellate Court affirmed the Circuit Court's order and held that Adams failed to state any grounds to excuse his untimely filing. *People v. Adams*, No. 1-98-0719 (Ill. App. Ct. May 3, 1999). On June 10, 1999, Adams filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on October 6, 1999. *People v. Adams*, No. 87666 (Ill. Oct. 6, 1999).

On October 25, 1999, Adams filed a second post-conviction petition and argued that his appellate counsel had been ineffective by failing to inform him of the change in the time limit for filing under the Post-Conviction Hearing Act and that he was actually innocent of the crime based on new evidence. On January 6, 2000, the Circuit Court of Cook County dismissed the second post-conviction petition as frivolous and patently without merit. *People v. Adams*, No. 92CR 01890–1 (Ill. Cir. Ct. Jan. 6, 2000). On February 1, 2000, Adams filed a motion for reconsideration, which was denied, and on October 19, 2001, the Illinois Appellate Court affirmed. *People v. Adams*, No. 92CR 01890–01 (Ill. Cir. Ct. Feb. 22, 2000); *see People v. Adams*, No. 1-00-0878 (Ill. App. Ct. Oct. 19, 2001). On December 5, 2002, Adams' petition for leave to appeal was denied. *People v. Adams*, No. 92978 (Ill. Dec. 5, 2002).)

On June 13, 2002, Adams filed his third petition for post-conviction relief and argued

that he was denied his right to file a timely post-conviction petition because, in his view, the appellate court delayed in ruling on the direct appeal of his conviction. The Circuit Court dismissed the petition, stating that Adams had failed to demonstrate any basis to warrant the court's consideration and that the petition was barred by waiver and *res judicata*. *People v. Adams*, No. 92CR 01890-1 (Ill. Cir. Ct. Sept. 9, 2002). Adams appealed, and the public defender filed a motion pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), to which Adams responded. On June 13, 2003, the Illinois Appellate Court affirmed. *People v. Adams*, No. 1-02-3093 (Ill. App. Ct. June 13, 2003). Adams did not petition for leave to appeal to the Illinois Supreme Court with regard to his third post-conviction petition. (*See* Resp't's Ex. R, Letter of 1/13/04 (stating no record of petition for leave to appeal his third post-conviction petition).)

## DISCUSSION

Respondent seeks to dismiss Adams' habeas petition because the petition is time-barred under 28 U.S.C. § 2244. The pertinent provision of 28 U.S.C. § 2244 requires that a petition for writ of habeas corpus must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

Thus, the Court must first determine the date on which the judgment became final. On October 1, 1997, the Illinois Supreme Court denied Adams' petition for leave to appeal the Illinois Appellate Court's affirmance of his conviction. *People v. Adams*, No. 83370 (Ill. Oct. 1, 1997). Adams then had ninety days, or until December 30, 1997, to petition the U.S. Supreme

Court for a writ of certiorari, but he did not do so. *See* Sup. Ct. R. 13. Thus, December 30, 1997 is the date on which direct review of his conviction concluded and the statute of limitations for filing his habeas corpus petition began to run.

The statute of limitations may be tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002); *United States ex rel. Fernandez v. Washington*, No. 98 C 1332, 1999 WL 688771, at *2-3 (N.D. Ill. Mar. 30, 1999). For the purposes of timeliness, a properly filed state post-conviction petition requires its delivery and acceptance to comply with the applicable laws and rules governing filings in that state, including the form of the document, time limits upon its delivery, and payment of the filing fee, regardless of whether the state court later dismisses the application as procedurally barred. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In the present matter, Respondent argues that Adams' first state post-conviction petition was improperly filed according to Illinois rules and therefore did not toll the limitations period for filing a federal habeas corpus petition. Adams opines that he is excused from an untimely filing because the four years during which his direct appeal was pending in the Illinois Appellate Court exhausted the time limit under which he could file a post-conviction petition.

A petitioner has three years from the date of sentencing or six months from the Illinois Supreme Court's denial of a petition for leave to appeal, whichever occurs sooner, to file his first post-conviction petition and toll the one-year statute of limitations for filing a federal habeas petition. 725 ILL. COMP. STAT. 5/122-1(c); *see Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000); *Rivas v. Sternes*, No. 03 C 2164, 2004 WL 407003, at * 1 (N.D. Ill. Feb. 24, 2004). Furthermore, the petitioner has twenty-one days after the Illinois Appellate Court's denial of the

post-conviction petition to submit a properly filed petition for leave to appeal to the Illinois Supreme Court. *United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1038 (N.D. Ill. 1998.)

Respondent argues that Adams' petition for writ of habeas corpus is time-barred because his first state post-conviction petition, dated by Adams as October 30, 1997 and stamped as filed by the court on November 19, 1997, was not properly filed and did not toll the statute of limitations. Adams' first state post-conviction petition was due on the earliest of three years after his sentencing or six months after the Illinois Supreme Court denied his properly filed petition for leave to appeal. *See* 725 ILL. COMP. STAT. 5/122-1(c); *see also Rivas*, 2004 WL 407003, at *2. Adams was convicted on October 27, 1992, and the Illinois Supreme Court denied his petition on October 1, 1997. Thus, the earliest date is three years after conviction, which required Adams to file his first post-conviction petition by October 27, 1995. Adams, however, did not file his first state post-conviction petition until October 30, 1997, over two years late.

Without producing any case law to support his argument, Adams argues that the time limit for filing his first state post-conviction petition was tolled while his direct appeal was pending before the Illinois Appellate Court. However, Illinois rules do not bar a petitioner from filing a post-conviction petition during the pendency of a direct appeal, and, to the contrary, a petitioner may be required to file his post-conviction petition before the completion of his direct appeal in order to comply with the time limitations. 725 ILL. COMP. STAT. 5/122-1(c); *see People v. Langston*, 791 N.E.2d 1, 6-7 (Ill. App. Ct. 2001); *see also DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988) (stating that habeas petition may be filed while direct appeal is pending).

Even if the time period had been tolled as Adams claims it should be, according to Illinois rules a post-conviction petition must be properly filed in order to toll the habeas petition time period. *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002); *Morgan*, 26 F. Supp. 2d at 1038. The Illinois Appellate Court denied Adams' first post-conviction petition on May 3, 1999, and Adams had twenty-one days, or until May 24, 1999, to file an appeal to the Illinois Supreme Court. *Id.* Adams moved to file a late petition for leave to appeal on June 10, 1999, which was granted. (Resp't's Mot. Dismiss at 2.) However, the Illinois Supreme Court's grant of an extension does not alter the fact that Adams' petition for leave to appeal was tardy and improperly filed. *See Morgan*, 26 F. Supp. 2d at 1038. Thus, Adams' first post-conviction petition did not toll the habeas petition statute of limitations, and the time continued to run while the Illinois Supreme Court reviewed Adams' petition. *See id.*

Additionally, whether a post-conviction petition is properly filed may be determined by objectively observing how the state courts treated the filing. *Freeman*, 208 F.3d at 576. State courts must dually consider the substance and procedure of the petition. *Brooks*, 301 F.3d at 840. Thus, the state court may address the merits, but if it dismisses the case for procedural flaws, such as untimeliness, and concludes that the petitioner failed to establish a lack of culpable negligence to excuse the flaw, then the petition was not properly filed for purposes of 28 U.S.C. § 2244(d)(2). *See Freeman*, 208 F.3d at 576 (holding that collateral attack dismissed by the state courts as procedurally untimely under state law was neither properly filed nor excused, as claims were considered to be patently without merit and petitioner failed to establish a lack of culpable negligence).

In the present matter, the appellate court affirmed the circuit court's denial of Adams' petition as untimely and patently without merit, and it held that Adams "failed to state any

6

grounds to excuse [his] untimely filing." (Resp't's Ex. G, *People v. Adams*, No. 1-98-0719 (Ill. May 3, 1999).) As a result, Adams' post-conviction petition was improperly filed. *See Freeman*, 208 F.3d at 576. Because Adams did not file his first state post-conviction petition until October 30, 1997, over two years late, and his petition was improperly filed, this Court holds that Adams' first state post-conviction petition did not toll the statute of limitations for filing a federal habeas corpus petition.

As stated above, on December 30, 1997, the direct review of Adams' conviction concluded and the clock started ticking on the statute of limitations for filing his habeas corpus petition. Adams' first state-post conviction petition was improperly filed and did not toll the limitations period for filing his habeas petition.[2] Accordingly, the clock on the limitations period stopped on December 30, 1998. Because Adams' did not file his petition for writ of habeas corpus until September 5, 2003, over four years late, this Court concludes that it is untimely.

Adams also argues that his application requires further attention in federal court to assess the merits based on "newly discovered" evidence in the form of four affidavits from exculpatory witnesses. (Pet'r's Mot. Summ. J. at 3.) This evidence consists of the affidavits of Marvin Winters, a trial witness who states that he perjured himself at trial and was using drugs at the time of the shooting, and three other witnesses who claim they were present at the shooting and would have testified at trial but never learned of the date. The Illinois Appellate Court reviewed

---

[2]Adams argues that his counsel on direct appeal was ineffective by not informing him of the time limitations for filing a state post-conviction petition. The United States Supreme Court has held in a number of cases that a prisoner has no constitutional right to counsel when going forward with post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987); *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (holding that the right to appointed counsel extends to the first appeal of right and no further). As a result, because Adams' counsel on direct appeal had no duty to inform him of any time limits regarding his post-conviction petition, this argument is without merit. *Finley*, 481 U.S. at 558.

this evidence in Adams' first post-conviction petition and dismissed it by holding that the evidence was not such that the trial court should have granted relief. (Resp't's Ex. G, *People v. Adams*, No. 8766 (Ill. Oct. 6, 1999).) By Adams' own admission, the information that these four witnesses provide in their affidavits was available during the trial. (Resp't's Ex. E, *People v. Adams*, No. 92 CR 1890 (Ill. Nov. 19, 1997).) Even if the Court were to calculate the one-year statute of limitations period from the approximate date on which he discovered the information, Adams is petition is still untimely. *See* 28 U.S.C. § 2244(d)(1)(D).

## CONCLUSION

For the foregoing reasons, this Court grants Respondent's motion to dismiss Adams' habeas corpus petition [doc no. 18-1].

**SO ORDERED**   **ENTERED:**

7/24/04

HON. RONALD A. GUZMAN
**United States Judge**